36

# IN THE UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF MICHIGAN

### SOUTHERN DIVISION

**THOMAS M. MOORE**
**PRO-SE**

Case: 2:13-cv-11789
Judge: Hood, Denise Page
MJ: Michelson, Laurie J.
Filed: 04-22-2013 At 11:09 AM
CMP THOMAS M. MOORE V STATE OF MICH
IGAN, ET AL (LG)

   Plaintiff(s),

v.

**STATE OF MICHIGAN**
**et al.;**
**MACOMB COUNTY, a municipal corporation, a political entity**
**MACOMB COUNTY CIRCUIT COURT**
**MACOMB COUNTY SHERIFFS OFFICE**
**MACOMB COUNTY PROSECUTOR ERIC J. SMITH**
**MACOMB COUNTY PROBATION**
**CITY OF MOUNT CLEMENS**
**MICHIGAN DEPARTMENT OF CORRECTIONS**

   Defendant(s),

## COMPLAINT

Come the Plaintiff and for cause(s) of action that would state as follows:

## I. INTRODUCTION

Plaintiff would like to proceed *IN FORMA PAUPERIS* under 28 U.S.C. section 1915 in these matters. Also, since exceptional circumstances are apparent, Plaintiff argues justification for privilege of appointment of counsel considering the entire content and the enumerated points as follows: (1) Plaintiff is indigent (On Social Security Income) (2) Plaintiff has stated a claim that has merit (3) Construed liberally, complaint in this case has plead enough facts from which the court may conclude, Plaintiff has a plausible claim for relief.

The is a civil rights action for declaratory, injunctive and other appropriate relief brought by Plaintiff, Thomas M. Moore, a United States citizen, appearing Pro-Se, against Defendant(s) and conspirators that arises under the First, Fourth, Fifth, Sixth, Eighth, Ninth and Fourteenth Amendments to the United States Constitution; under federal law, specifically, under the Americans with Disabilities Act, 42 U.S.C. section 12101, *et seq.* ("ADA")/Common law, Section 504 of the Rehabilitation Act of 1973, as amended, at 29 U.S.C. section 794 (the "Rehabilitation Act")/Common law, and the Persons With Disabilities Civil Rights Act, M.C.L. section 37.1101, *et seq.* ("PDCRA")/Common law, Title 42 U.S.C. section 1983/Common law, Title 42 U.S.C. section 1985/Common law, Title 42 U.S.C. section 1986/Common law, Title 42 U.S.C. section 2000d-7/Common law, Associational Rights Under the United States Constitution {42 U.S.C. 1983}, {42 U.S.C. 1985}{42 U.S.C. 1986}{42 U.S.C. 2000d-7}, and the Michigan Constitution/Common law, Due Process Rights and Rights of Equal Access to Justice/Common law, Michigan Government Tort Liability-Pursuant to The Government Tort Liability Act (GTLA)/M.C.L. 691.1407/M.C.L. 691.1413/Common Law/(Negligence), Michigan Government Tort Liability-Pursuant to The Government Tort Liability Act (GTLA)/M.C.L. 691.1407/M.C.L. 691.1413/Common Law (Negligent Supervision), Michigan Government Tort Liability-Pursuant to The Government Tort Liability Act (GTLA)/M.C.L. 691.1407/M.C.L.

691.1413/Common Law (Conspiracy), Michigan Government Tort Liability-Pursuant to The Government Tort Liability Act (GTLA)/M.C.L. 691.1407/ M.C.L.691.1413/ Common Law (Intentional Infliction of Emotional Distress), Michigan Government Tort Liability-Pursuant to The Government Tort Liability Act (GTLA)/M.C.L. 691.1407/M.C.L. 691.1413/Common Law (Negligent Infliction of Emotional Distress), Michigan Common Law (Conversion), Michigan Common Law (Assault), Elliott Larsen Civil Rights Act-Act of 453 of 1976/Common Law, and Rights of Recipients of Substance Abuse Services-1978 Public Act 368 and Promulgated Rules/Common Law.


## II. JURISDICTION AND VENUE

1. The ꞏ                complaint is based upon questions of federal law and    ꞏMichiganStATe Jurisdictional issues, where this court is entitled to hear, that include, but are not limited to the following.

   a. 28 U.S.C. section 1331, which gives district courts original jurisdiction over civil actions arising under the Constitution, laws or treaties of the United States;

   b. 28 U.S.C. section 1343, which gives district courts jurisdiction over actions to secure civil rights extended by the United States government;

   c. 28 U.S.C. section 1367, which gives the district court supplemental jurisdiction over state law claims.

   d. 28 U.S.C. section 2201, which gives the district court creation of remedy of actual controversy.

e. 28 U.S.C. section 2202, which gives the district court further necessary or proper relief based on declaratory judgment or decree may be granted , after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment.

2. Venue is appropriate in the judicial district under 28 U.S.C. section 1391 (b) because the events that gave rise to this Complaint occurred in this district.

## III. PARTIES

3. Plaintiff, THOMAS M. MOORE, is a citizen of the United States and resides in Washington Twp., in the County of Macomb, in the State of Michigan, which is in this judicial district.

4. Defendant, STATE OF MICHIGAN, is a state entity of the United States of America, , which is in this judicial district, being sued for proprietary actions, for the causes listed, and ultimately material to the allegations, based on discrimination equalization,

5. Defendant, MACOMB COUNTY, a municipal corporation, a political entity, is located in the United States, the State of Michigan, and oversees the City of Mount Clemens, which is in this judicial district, and being sued for the causes listed, and ultimately material to the allegations.

6. Defendant, MACOMB COUNTY CIRCUIT COURT, is located in the United States, the State of Michigan, City of Mount Clemens, and Macomb County, which is in this judicial district, is a public entity, and is being sued for the causes listed, and ultimately material to the allegations.

7. Defendant, MACOMB COUNTY SHERIFFS OFFICE, is located in the United States, the State of Michigan, Macomb County, City of Mount Clemens, which in this judicial district, is a public entity, and is being sued for the causes listed, and ultimately material to the allegations.

8. Defendant, MACOMB COUNTY PROSECUTOR ERIC J. SMITH, is located in the United States, the State of Michigan, Macomb County, City of Mount Clemens, which is in this judicial district, and is being sued in official and individual capacity, for the causes listed, and ultimately material to the allegations.

9. Defendant, MACOMB COUNTY PROBATION, is located in the United States, the State of Michigan, Macomb County, City of Mount Clemens, which is in this judicial district, is a public entity, and is being sued for the causes listed, and ultimately material to the allegations.

10. Defendant, CITY OF MOUNT CLEMENS, is located in the United States, the State of Michigan, and Macomb County, which is in this judicial district, and being sued for the causes listed, and ultimately material to the allegations

11. Defendant, MICHIGAN DEPARTMENT OF CORRECTIONS, is located in the United States, the State of Michigan, Macomb County, City of Mount Clemens, which is in this judicial district, and being sued for causes listed, and ultimately material to the allegations.

## IV. GENERAL ALLEGATIONS

12. Title II of the ADA, found at 42 U.S.C. sections 12131-12134, extends to state and

local governments the non-discrimination provisions of the Rehabilitation Act. It requires that their services, programs and activities of state and local governments be administered in most integrated setting appropriate to the needs of qualified individuals with disabilities.

13. Defendant(s), provide(s) programs and/or activities receiving federal financial assistance acting under color of state and federal law.

14. Defendant , MACOMB COUNTY, a municipal corporation, a political entity, has a duty to insure that county actors follow The Macomb County Charter, and is in accordance with federal and state law. Defendant, MACOMB COUNTY, a municipal corporation, a political entity, was a general law county prior to adopting to a home rule county January 1st, 2011.

15. "City" in Title 42 section 1983 is a 'person' but liability only for official policy or custom, *Monell*, 436 U.S. 685 (1978). Citing Haines V. Kerner, 404 U.S. 519 (1972).
(① STATE of Michigan ➤ STATE OF MICHIGAN)

16. ① Defendant(s), immunity abrogated under Federal Statues, Katzenbach v. Morgan, 384 U.S. 641 (1966) {1}, was a United States Supreme Court case regarding the power of Congress, pursuant to Section 5 of the Fourteenth Amendment, to enact laws which enforce and interpret provisions of the Constitution. City of Boerne v. Flores, 521 U.S. 507 (1997), was a Supreme Court case concerning the scope of Congress's enforcement power under the fifth section of the Fourteenth Amendment. The case also had a significant impact on historic preservation. Alabama v.Garrett 531 U.S. 356 (2001) gives congress authority only to ban irrational state discrimination against the disabled. State of Tennessee v. Lane, 541 U.S. 509 (2004), in a 5-4 decision, the Supreme Court held that states are subject to lawsuits filed in federal court for money

damages under the ADA in cases involving access to the courts. The Supreme Court has decided that the ADA does apply to the states when people with disabilities seek to enforce their rights to gain access to the courts. U.S. v. Georgia, 546 U.S. 541 (2006), the United States Supreme Court said that an inmate can bring a Title II case against the State for money damages when the conduct by the State violates the Due Process Clause of the 14th Amendment. *Plaintiff became physically injured/disabled on state soil "under color of law" 8-1-2010 under Mental Health care*

17. Plaintiff, Thomas M. Moore, is a 42 year old man, Christian, disabled, with conditions, COPD, Mental and/or other Psychotic Disorders, some of which were inflicted by ① Defendant(s) and conspirators. ① *(Macomb County Sheriffs office, etc.)*

18. Plaintiff, Thomas M. Moore, was under Defendant(s), State of Michigan *(State of Michigan)(Michigan Dept. of corrections)* jurisdiction and/or control, when in concurrent jurisdiction and/or control of other Defendant(s), Macomb County, a municipal corporation, and entered their programs when arrested by Warren Police with no Miranda (see Miranda v. Arizona, 384 U.S. 436 (1966), incarcerated by Warren Police Department on July 10th, 2010, housed in their jail, charged with a crime by Defendant Macomb County Prosecutor Eric J. Smith, " who was involved in Police work, that included investigatory acts, based on manufactured false evidence, and swore under oath to false statements of fact in the information", then processed by Macomb County 37th District Court.

19. Defendant Macomb County Prosecutor Eric J. Smith's "Our Mission" on his website states: I'm Eric Smith, Prosecuting Attorney and chief law enforcement official for Macomb County. As your prosecutor, I speak for you if you should fall victim to crime, and fight to protect the safety and security of your homes and families. My office is dedicated to providing the finest legal representation to our citizens and police

departments. People turn to us in their hour of need. It is my personal and professional mission to see that justice is done, and that criminals who act against us are held accountable for their actions. As part of this mission, we've created this interactive web site for our assistance. It provides an overview of the services we provide, and may help us to answer some of the questions you might have about our criminal justice system. I'm proud of what we do here. My attorneys and staff are committed to helping you when you need it the most.

20. On July 12th, 2010, Plaintiff was moved to jurisdiction of Defendant(s), City of Mount Clemens, and entered into other programs, Defendant Macomb County Circuit Court, and Defendant Macomb County Sheriff's Office, until December 9th, 2010, Plaintiff was released from Defendant Macomb County Sheriff Office on December 9th, 2010, by Defendant Macomb County Circuit Court, but was still part of ᵦ MDOC ➔ (MACOMB COUNTY PROBATION) Defendant(s) programs. Plaintiff was designated a low risk supervision status, and was in phone reporting probation, with no issues, for a year and half, then was told by ① Michigan Dept of Corrections, Macomb County Probation Defendant(s), by phone call in May/June 2012 to report in person, because Plaintiffs telephone reporting status was abolished.

21. Plaintiff reported to ① Macomb County Probation, Michigan Dept of Corrections Defendant(s) on June 14th, 2012, then was charged by ① Macomb County Circuit Court ② Defendant(s) with violation of probation on June 15th, 2012, based on disabilities, discrimination, and lies. Defendant(s) ➔ ① Macomb County Probation, Michigan Dept of Corrections knew of Plaintiffs other disabilities by previous paperwork, motions initiated and heard in Defendant Macomb County Circuit Court.

22. Plaintiff found out by U.S. Mail, from Defendant(s) ① Macomb County Circuit Court, Macomb County Probation, Michigan Dept of Corrections that his probation was violated, and turned self in to Shelby Twp Police Department on June 21st, 2012. Plaintiff was picked up by Defendant Macomb County Sheriff's Office, and transported to jail.

23. Plaintiff had hearing at Defendant Macomb County Circuit Court on June 22nd, 2012. Defendant Macomb County Circuit Court, furnished bond at $10,000 c/s, for violation of probation, and Plaintiff was held in Defendant Macomb County Sheriffs Office until bond was posted for $1000 on June 22nd, 2012.

24. Once freed, Plaintiff had hearings in Defendant Macomb County Circuit Court on June 27th, 2012, and July 18th, 2012, regarding violation of probation, but was found not guilty and probation status was terminated.

25. Plaintiff entered Defendant(s) ① Macomb County Circuit Court by filing Motions) hearings programs voluntarily including Defendant Macomb County Circuit Court, for example, on November 21, 2011, December 12, 2011, March 26th, 2012, April 9th, 2012, May 14th, 2012, June 4th, 2012, July 9th, 2012, and October 22nd, 2012. And was a victim of discrimination - restricted access to courtroom by disabilty (speech)

26. Plaintiff, Thomas M. Moore, was a victim of extreme discrimination and abuses, based on known and documented disabilities, and religion, prescriptions, when in control/jurisdiction of Defendant(s) ① and conspirators. ① State of Michigan, MDOC, MCPROB Macomb County Sheriffs Office, one example Macomb County Circuit Court

27. Plaintiff, forced detox from legal prescriptions while under control of Defendant(s) ① State of Michigan on 7-12-2010. Plaintiff housed in Mental Health Services Unit while under control of Macomb Cou. Macomb County Sheriffs Office, State of Michigan, Macomb County a municip. Sheriffs Defendant(s), for being substance abuser, severely depressed and suicidal, that resulted Office in Plaintiffs hallucinations, delusions, misstatements, erratic behavior that was due from - Macomb County a municip. Corp. unwarranted starvation, seclusion, harassment, discrimination based on disabled status.

28. Plaintiff was "force fed" a psycho-tropic drug without informed consent, then put in a ① State of Michigan, Macomb County, Macomb County "portable jail cell", while under control of Defendant(s) ① on or around July 23rd, 2010, Sheriffs Office that "left the premises", and "traveled around the world and the U.S.A. (e.g. Panama Canal, Bering Sea, Germany, Florida, etc.)"

29. Plaintiff was isolated, "starved", given "death threats constantly", almost "died", and and suffered severe emotional and physical distress, while in Defendant(s) and conspirators control.(*MAComB County Sheriff's OFFICE, MAComB County, et.)* *a soft mental Health SVCS UNIT STATE OF Michigan*

30. Plaintiff returned to Defendant Macomb County Sheriffs Office on or around July 30th, from the "portable Jail cell experience". *① STATE OF Michigan*

31. Plaintiff inflicted with COPD, and other disability(s), by Defendant(s), and conspirators, while under control, on August 1st, 2010, but not limited to other dates of affliction. Plaintiff was in and out of Defendant(s) Mental Health Services unit frequently, even when not taking any "psych" medication and behaving "normally". *→ physical disability* *① MAComB County Sheriffs OFFICE* *MAComB County, a municipal Corp., ① MAComB County Sheriffs OFFice, STATE of Michigan MAComB County a municipal Corp.*

32. Plaintiff, in very bad shape, on August 2nd, 2010, was led to Defendant Macomb County Circuit Court for a hearing then given an order for a Mental Competency and Culpability Exam. Plaintiff was led back to jail by Defendant Macomb County Sheriffs Office.

33. Defendant Macomb County Sheriffs Office Macomb County Jail Inmate Guide states: The following is a list of Rules and Regulations inmates of the Macomb County Jail are required to follow. These rules, which explain what is expected of inmates, are intended to ensure safe custody, humane living conditions and fair treatment. Any inmate who violates the Macomb County Jail Rules are Regulations, or whose conduct poses a serious or substantial threat to the safety and welfare of others or the security of the jail, will be subject to administrative review, behavior sanctions and possible criminal prosecution. The Macomb County Sheriff's Office shall ensure the protection of inmates' civil and/or constitutional rights. Inmates shall not be subjected to personal abuse, corporal punishment, personal injury, disease, property damage, or

harassment. Inmates' rights shall be protected without regard to the national origin, race, sex, political or sexual preference of the inmate.

34. Defendant Macomb County Probation-Probation Supervision decree, on line, that includes Defendant Michigan Department of Corrections, states: While it is the primary responsibility of MDOC probation agents to monitor offender behavior during supervision to ensure compliance with the probation order, it is the judge who sets the offender's conditions or requirements of probation. Beyond statutory probation conditions requiring the offender to avoid criminal behavior, not leave the state without permission and report as specified by the agent, the court is free to impose special conditions of probation based on the offender's criminal and personal history. Special conditions may require jail confinement, substance abuse treatment, community service, high school completion, restitution, fines, court costs and supervision fees, electronically-monitored home confinement, placement in a state-funded probation residential center, and/or finding and keeping employment. The fundamental mission of probation supervision is public protection. We achieve public protection by assisting the offender to become a productive member of the community. This is achieved by assessing the risk and needs of the offender and ensuring that treatment and programming are available that will reduce risk and address the needs of the offender. Agents team with families, employers, treatment providers and the faith-based community to assist probationers accept responsibility and change. Department policy also requires the supervising agent to respond to each offender violation of the court's order. Since the gravity of violations and the individual offender risk to public safety vary, policy requires agents to fashion violation responses that take

into account the seriousness of the violation and the offender's general risk to the

public, as well as the offender's adjustment to supervision. This approach is designed to

provide agents with a range of interventions for responding to violation behavior. In all

cases agents are required to recommend to the court and impose the least restrictive

response that is consistent with public safety.

35. Plaintiff, Thomas M. Moore, met essential eligibility requirements for the receipt

of services of the Social Security Administration, and has been collecting benefits since

April 2012, incidently it was a late discovery.  Plaintiff's disability claim shows earliest

onset of new disability(s), to be August 1st, 2010, when Plaintiff was in

① State of Michigan, Macomb County, a municipal corp.) Macomb County Sheriffs Office

① Defendant(s) control in the Mental Health Services Unit.(Macomb County Jail)

① State of Michigan, Macomb County, a municipal corp, Macomb County

36. Conditions under Defendant(s) and conspirators control were so degrading to human Sheriffs Office

sanctity, Plaintiff was "Overseer of U.S.A.", and physically "put down".  Macomb County Circuit Court

37. Plaintiff sent medical "kite" while in Defendant(s) control on August 18th, 2010

complaining of lung problems-Asthma. Plaintiff became physically injured with COPD by State of Michigan, Macomb County, a municipal corp, Macomb County Sheriffs Office

38. Plaintiff was refused religious counsel under Defendant(s) control September 28th,

2010.  which broke

39. Plaintiff, while under Defendant(s) control, had nickname "Tommy Moe", and had 14th Amendment of U.S. Constitution

inmate number #337734.

40. Plaintiff, Thomas M. Moore, received correspondence in mail from Defendant

Macomb County Circuit Court, and the envelope postmarked May 2nd, 2012, listed

Plaintiff as "Attorney at Law", when the Defendant had my mental ?physical disabilities on file.

41. Plaintiff, Thomas M. Moore, made it known to Defendant(s), Macomb County Circuit

Court, on May 29th, 2012 on a motion in the courtroom, and by previously given

paperwork, Plaintiff was on Social Security Disability Income for COPD and Mental

Disorders, by writing on motion, and on actual letter from Social Security

Administration dated April 16th, 2012.

42. Plaintiff, Thomas M. Moore, On June 4th, 2012, filed three complaints with

Defendant Macomb County Circuit Court including ADA, and Plaintiff got

responses in writing from Defendant Macomb County Circuit Court, dated June

June 5th, and August 9th, 2012. ADA and other complaints not validated by Defendant.

43. On a motion from Plaintiff, Thomas M. Moore, for the Defendant(s), Macomb County

Circuit Court, dated October 12th, 2012, that was heard on October 22nd,

2012, the opening statement from Plaintiff was, "I'm having a problem with my

disability-COPD and have not been accommodated. I've called Assignment clerk's

office, talked to Donna, talked to Lisa Court Clerk and spoke with your court secretary

and have gotten no relief. I need help with my motions today to be spoken in court. If

I cannot be accommodated today, I need a date in which I can."

44. Plaintiff, filed formal ADA complaint with Macomb County Circuit Court Judicial

Aide on or about October 22nd, 2012. ADA complaint not validated by Defendant.

45. Defendant, Macomb County Circuit Court's Mission Statement as posted on-line:

Purpose "The purpose of the Macomb County Circuit Court is to serve the public by

providing a fair ,expeditious and impartial forum for the resolution of civil and

criminal matters through the rule of law." Critical Functions: Administration of Court

and staff, Management of case flow, Record keeping/County Clerk, Jury management,

Public information and education. Core Values: Honesty and Integrity-telling the truth

and fulfilling promises, Principled decision making-guided by the rule of law and due

process, Independence of the judiciary, Impartiality of the tribunal-free from bias and discrimination, Reasonable access to justice-reasonable schedules, promptness and continuously striving to improve processes, Courtesy and consideration for all, Openness-our processes are open to public scrutiny and critical analysis, Cost effectiveness A person making a request to accommodate a disability should first make the request to the staff of the Judge's office or department they are dealing with. If they need further assistance, they should contact the Judicial Aide Department (phone number). It will then be determined if further assistance can be rendered.

46. Plaintiff, requested to make an ADA complaint regarding Defendant Macomb County Circuit Court, by way of Commissioner Don Brown and Board Chairman Kathy Vosburg, by way of phone messaging and e-mails on December 7th, 2012.

47. Plaintiff received phone call from Patti D., a secretary for Kathy Vosburg on December 12, 2012, who told Plaintiff, she was told to call regarding Plaintiffs complaint. Plaintiff explained ADA issue, onset of disability and other civil rights allegations, and wanted to understand complaint process through the county. Plaintiff, was hindered from making complaints.

48. On a previous date November 15th, 2012, Plaintiff attempted to make complaints to Defendant Macomb County, a municipal corporation, by e-mail to the ethics board on November 15th, 2012, but never got a response.

49. Home Rule Charter of Macomb County states: Preamble-We, the people of Macomb County, to provide a local government which is efficient, economical, and ethical, exercise our constitutional rights and adopt this Home Rule Charter. Article II-Ethics section 2.1 Standards-Public Servants of the County shall observe the highest standards

of ethical conduct and are obligated to: (a) Comply with all laws and policies of County government; (b) Be independent, impartial, and fair in their judgments and actions; ( c) Use their public office for the public good, not for personal gain; (d) Conduct public business openly, as provided by law, in an atmosphere of respect and civility; and (e) Cooperate fully with any request of the Ethics Board for information or assistance, subject to law. Section 2.3-Ethics Ordinance Provisions-At a minimum, the ethics ordinance shall: (a) Define "conflict of interest" and prohibit a Public Servant from acting on a decision or transaction where an interest of the Public Servant, including a partisan political interest, is in actual or apparent conflict with an actual or apparent interest of the County. (b) Require a Public Servant to disclose personal interests in all contracts involving the County; the receipt of all gifts from persons doing, or seeking, or who may reasonably be expected to seek, County business; as well as other relationships which are, or may appear to be, a conflict of interest. ( c) Define the circumstances in which acceptance of employment by a present or past Public Servant with another public or private entity in incompatible with the ethical duties of the Public Servant, and the extent to which such employment is prohibited. (e) Define and prohibit all inappropriate political activity by Public Servants, including improper use of County time and property. (g) Define and prohibit the use of County resources and assets by a Public Servant for private purposes or commercial gain. Article VI - Departments Headed by Countywide Elected Officials Section 6.1 Sheriff-The department of sheriff is created. The head of the department is the elected sheriff. 6.1.1 The powers and duties of the department are those provided by law for a county sheriff. 6.1.2 The department may contract with units of government within the

County to provide services to such units upon approval of the Executive and the Commission. Section 6.2 Prosecuting Attorney-The department of prosecuting attorney is created. The head of the department is the elected prosecuting attorney. 6.2.1 The powers and duties of the department are those provided by law for a prosecuting attorney.

50. Since July 10, 2010, but not limited to, August 1st, 2010, November 9th, 2010, December 9th, 2010, June 15th, 2012, and October 22nd, 2012, Defendant(s) State of Michigan, Macomb County, a municipal corporation, a political entity, Macomb County Circuit Court, Macomb County Sheriffs Office, Macomb County Prosecutor Eric J. Smith, Macomb County Probation, Michigan Department of Corrections, City of Mount Clemens, and conspirators, acting under the color of state and federal law, denied Plaintiff, full and equal opportunity, enjoyment, accommodation, and program access based on disabilities; that were previously recorded in and out of court defining me as a qualified individual.

51. Plaintiff investigated acts, has documentation that includes Defendant(s), since Plaintiff's incarceration in the year 2010.

52. Plaintiff has reached out for "help", including complaints, not limited to, The White House-President Barack Obama (D), Department of Justice, Mitt Romney (R) for President, Senator Carl Levin (D), Senator Debbie Stabenow (D), Senator John McCain ( R), House Speaker John Boehner ( R), Clinton Global Initiative, Governor Dick Snyder ( R), Michigan Dept. of Civil Rights, U.S. Marshall, Israel and Defendant(s).

53. Without any alternative, Plaintiff will have no choice but to have someone else hear his complaint. Crting Platsky V. CIA. 953 F. 2d 25.

## V. CAUSES OF ACTION

## COUNT I

### VIOLATION OF 42 U.S.C. SECTION 1983/COMMON LAW

54. Plaintiff incorporates and restates each of the above paragraphs 1-53 as if fully set forth herein.

55. Defendant(s), Defendant Macomb County, a municipal corporation, a political entity, Defendant Macomb County Circuit Court, Defendant Macomb County Sheriffs Office, *(his services office)* Defendant Macomb County Prosecutor Eric J. Smith, Defendant Macomb County Probation, Defendant City of Mount Clemens, have deprived Plaintiff of his federal constitutional and/or statutory rights by failing and hindering to provide Plaintiff with the proper services of the county. *(Macomb County, a municipal corp)- (Mental Health Services Unit - Macomb County Jail) (Macomb County Circuit Court - Motions / hearings)*

56. Defendant(s), have deprived Plaintiff of his federal rights, property interests and otherwise discriminated against Plaintiff based upon Plaintiff's disability(s). *Macomb County, a municipal corp.*

57. As a direct and proximate result of Defendant(s), in violation of 42 U.S.C. section 1983, Plaintiff has sustained injuries and damages. *For example, physical and mental/emotional disabilities, that were onset under Defendants control.*

## COUNT II

### DISCRIMINATION BASED ON DISABILITY-TITLE II OF ADA/COMMON LAW

58. Plaintiff incorporates and restates each of the above paragraphs 1-53 as if fully set forth herein.

59. Plaintiff is a "qualified individual with a disability" as defined in 42 U.S.C. section 12131 (2).

60. The ADA and its implementing regulations require that the Alternative Services be made available in the community rather than in institutions where to do so will meet the needs of qualified individuals with disabilities, such as Plaintiff. *(1) Macomb Co. Prosecutor BRKT. Smith (2) Macomb County*

61. Plaintiff has been denied and excluded from the benefits of Defendant(s), which *Circuit Court (1) Macomb County, a municipal corp.* would provide Plaintiff a less confining program that satisfies Plaintiff's needs. *(1) Macomb County*

62. As a result of Defendant(s), denial and exclusion of Plaintiff from the Programs, *Sheriffs Office)* Defendant(s) violated the ADA by discriminating against Plaintiff in a number of ways, including without limitation, the following:

   a. By reason of Plaintiff's disabilities, the need to be heard for care services; effective communication was not established.

   b.. Defendants administration of the program limits the availability of Alternative services based on the severity of need or disability;

   c . Denying Plaintiff the equal/same opportunity to receive the benefit(s) of Defendants programs/activities that are available to other qualified individuals.

   d. Failure of Defendants to administer the services, programs and activities in the most integrated setting appropriate to the needs of Plaintiff.

63. As a direct and proximate result of Defendants unlawful discrimination, Plaintiff has sustained injuries and damages.

**COUNT III**

## VIOLATION OF SECTION 504 OF THE REHABILITATION ACT OF 1973, AS AMENDED, {29 U.S.C. 794}/COMMON LAW

64. Plaintiff incorporates and restates each of the above paragraphs 1-53 as if fully set forth herein.

65. Plaintiff is a "disabled/handicapped" individual as defined in 29 U.S.C. 705.

66. The Rehabilitation Act and its implementing regulations require that Defendant(s) *(STATE of Michigan )* administer programs/activities in the most integrated setting appropriate to the needs of qualified handicapped/disabled persons. 28 C.F.R. section 41.51 and 45 C.F.R. section 84.4.

67. Plaintiff has been denied and excluded from the benefits of Defendant(s) program, *(STATE of Michigan) ①* which would provide Plaintiff a less confining program that satisfies Plaintiff's needs. ① *Macomb County Jail - Mental Health Services Unit - onset of physical/ ② Macomb County Circuit Court - Hearing's & motions (mental disability Access to court speech 8-1-2010 (Incarcera*

68. As a result of Defendant(s) denial and exclusion of Plaintiff from the Programs, *(incarcerated )* *① (State of Michigan) (Macomb County a Municipal Corp.))* Defendant(s) violated the Rehabilitation Act by discriminating against Plaintiff in a number of ways, including without limitation, the following:

    a. By reason of Plaintiff's disabilities, the need to be heard for care services; effective communication was not established.

    b. Providing services Plaintiff requires only in a segregated setting, as opposed to "most integrated setting" appropriate to the needs of Plaintiff;

    c. Defendant(s) administration of the Program limits the availability of Alternative services based on the severity of need or disability; and

    d. Denying Plaintiff the equal/same opportunity to receive the benefit(s) of Defendant(s) programs/activities that are available to other qualified

individuals with disabilities.

69. As a direct and proximate result of Defendant(s) unlawful discrimination, Plaintiff has

sustained injuries and damages. *His onset of disabilites physical & Mental while on property owned by the State of Michigan and Macomb County, a municipal corp, a political entity.*

## COUNT IV

## DISCRIMINATION BASED ON DISABILITY (PDCRA)/COMMON LAW

70. Plaintiff incorporates and restates each of the above paragraphs 1-53 as if fully set forth

herein.

71. Plaintiff's developmental disabilities that substantially limits one or more major life

activities unrelated to his ability to utilize and benefit from a place of public

accommodation or public service, constitute a *disability* by and within the meaning

of the PDCRA, (M.C.L. 37.1103 sec 103).
*① Macomb County Circuit Court, Macomb County, a municipal corp,*
72. Defendant(s) violated the PDCRA, M.C.L. section 37.1302, by discriminating against

Plaintiff upon his actions, application(s) and/or motion(s) to be a participant in the

Program in a number of ways including, without limitation, the denying Plaintiff the

full and equal enjoyment of the goods, services, facilities, privileges, advantages, and

accommodations of a public service because of a disability that is unrelated to

Plaintiff's ability to utilize and benefit from the goods, services, facilities, privileges,

advantages, or accommodations or because of the use by Plaintiff of adaptive devices

or aids (M.C.L. 37.1302 sec 302 (a) (b)).   *① Macomb County a municipal corp.)*
*① Macomb County Circuit Court*
73. Plaintiff's *disability* was a determining factor is Defendants decision to deny and

preclude Plaintiff from being a participant in the Program.

74. As a direct and proximate result of Defendants unlawful discrimination, Plaintiff has sustained injuries and damages.

## COUNT V

### VIOLATION OF 42 U.S.C. SECTION 1985
### FAILURE TO PREVENT CONSPIRACY TO DEPRIVE FEDERALLY-PROTECTED RIGHTS/COMMON LAW

75. Plaintiff incorporates and restates each of the above paragraphs 1-53 as if fully set forth herein.

76. Defendant(s) failed to prevent a conspiracy between actors Judge Don G. Miller, Defendant Macomb County Prosecutor Eric J. Smith, and Plaintiff's State Attorney Whitney Lemelin, on November 9th, 2010 to deprive Plaintiff of his Federally-protected rights to the present, in violation of {42 U.S.C. 1985}. Specifically, Defendants failed to stop an admission of a discriminatory mental health evaluation under M.C.L. 330.2028 sec 1028 (1). To add, Defendants failed to prevent a conspiracy to deprive Plaintiff of his Federally-protected rights to the present, {under 42 U.S.C. section 1985}{under 42 U.S.C. section 1986} and {under 42 U.S.C. section 2000d-7}. Specifically, Defendants failed to stop a sentencing under M.C.L. 769.34 section 34 (3) which was illegal on December 9th, 2010. Finally, Defendants failed to prevent a conspiracy, while Plaintiff was in Defendants control and other contact since July 10th, 2010, to the present, to deprive Plaintiff of his Federally-protected rights, {under 42 U.S.C. section 1985}{under 42 U.S.C. section 1986} and {under 42 U.S.C. section 2000d-7}. Specifically, Defendants failed to stop Plaintiff's onset of disability(s) and discrimination against Plaintiff's disabilities {under 42 U.S.C.

section 12101 *et seq.}* Plaintiff, is not limited to any specific description in this count.

## COUNT VI

### VIOLATION OF 42 U.S.C. SECTION 1986/COMMON LAW

77. Plaintiff incorporates and restates each of the above paragraphs 1-53 as if fully set forth herein.

78. Defendant(s) had knowledge that any wrongs were conspired to be done, and mentioned in section 1985 of this title, were about to be committed, and having the power to prevent or aid in preventing the commission of the same, neglected or refused so to do, so wrongful acts were committed, and Defendant(s) shall be liable to Plaintiff, or his legal representatives, for all damages caused by such wrongful acts, which such person by reasonable diligence could have prevented. Such damages may be recovered in an action on the case; and any number of persons guilty of such wrongful neglect or refusal may be joined as defendants in the action; and if death of any party be caused by any such wrongful act and neglect, the legal representatives of the deceased shall have such action thereof, and my recover not exceeding $5000 damages therein, for the benefit of the widow of the deceased, if there be one, and if there be no widow, then the benefit of the next of kin of the deceased.

## COUNT VII

### VIOLATION OF ASSOCIATIONAL RIGHTS UNDER THE UNITED STATES CONSTITUTION {42 U.S.C. SECTION 1983} {42 U.S.C. SECTION 1985}{ 42 U.S.C. SECTION 1986}{42 U.S.C. 2000d-7} AND MICHIGAN CONSTITUTION/COMMON LAW

79. Plaintiff incorporates and restates each of the above paragraphs 1-53 as if fully set forth herein.

80. Defendants violated the Plaintiff's associational rights, and liberty under, but not limited to the First, Fourth, Fifth, Sixth, Eighth, Ninth and Fourteenth Amendments to the United States Constitution {under 42 U.S.C. section 1983},{42 U.S.C. section 1985} {42 U.S.C. section 1986}{42 U.S.C. section 2000d-7} and Article 1, sections 1, 2, 17 and 23 of the Michigan Constitution of 1963, on July 10th, 2010 to the present.

## COUNT VIII

## <u>VIOLATION OF PLAINTIFF'S DUE PROCESS RIGHTS AND RIGHTS OF EQUAL ACCESS TO JUSTICE/COMMON LAW</u>

81. Plaintiff incorporates and restates each of the above paragraphs 1-53 as if fully set forth herein

82. Defendant(s) actions created a type of negligence based on Plaintiffs disabilities, which violated Plaintiff's Due Process rights under, but not limited to, the First, Fourth, Fifth, Sixth, Eighth, Ninth and Fourteenth Amendments to the United States Constitution {under 42 U.S.C. section 1983},{42 U.S.C. section 1985}, {42 U.S.C. section 1986} {42 U.S.C. section 2000d-7}, Article I, sections 1, 2, 17 and 23 of the Michigan Constitution of 1963, Elliott-Larsen Civil Rights Act Act 453 of 1976, and Rights of Recipients of Substance Abuse Services-1978 Public Act 368 and Promulgated Rules, from July 10, 2010 to the present. Plaintiff was denied access, the right be free from government, and to be heard

in court based on Defendants rules. The Plaintiff was deprived of significant liberty and property interests under the Due Process Clause of the Fourteenth Amendment to the United States Constitution (i.e., the ability to decide and access county services properly, and the impression, and workings of an impartial justice system).

## COUNT IX

### MICHIGAN GOVERNMENT TORT LIABILITY-PURSUANT TO THE GOVERNMENT TORT LIABILITY ACT (GTLA)/M.C.L. 691.1407/M.C.L. 691.1413/COMMON LAW

### (NEGLIGENCE)

83. Plaintiff incorporates and restates each of the above paragraphs 1-53 as if fully set forth herein.

84. Each Defendant owed Plaintiff a duty to use due care at or about the times at the aforementioned incidents.

85. In committing the aforementioned acts and/or omissions, each Defendant negligently breached said duty to used due care, which directly and proximately resulted in the injuries and damages to the Plaintiff as alleged herein.

## COUNT X

### MICHIGAN GOVERNMENT TORT LIABILITY-PURSUANT TO THE GOVERNMENT TORT LIABILITY ACT (GTLA)/M.C.L. 691.1407/M.C.L. 691.1413/COMMON LAW

### (NEGLIGENT SUPERVISION)

86. Plaintiff incorporates and restates each of the above paragraphs 1-53 as if fully set forth herein.

87. Each Defendant owed Plaintiff a duty to use due care at or about the time of the aforementioned incidents.

88. Defendant(s) negligently supervised by failing to provide proper training and outline proper procedures in confronting/housing and informing Plaintiff in domestic and in law enforcement issues.

89. In committing the aforementioned acts or omissions, each Defendant negligently breached said duty to use due care, which directly and proximately resulted in the injuries and damages to Plaintiff as alleged herein.

## COUNT XI

## MICHIGAN GOVERNMENT TORT LIABILITY-PURSUANT TO THE GOVERNMENT TORT LIABILITY ACT (GTLA)/M.C.L. 691.1407/M.C.L. 691.1413/COMMON LAW

### (CONSPIRACY)

90. Plaintiff incorporates and restates each of the above paragraphs 1-53 as if fully set forth herein.

91. The Defendant(s) presently at the aforementioned incidents subsequently participated in a common design through a concert of action to cover up or make overtly false statements in their reports and acts regarding the circumstances surrounding the aforementioned incidents.

92. In committing the aforementioned acts, Defendants directly and proximately injured,

damaged, libeled, and caused emotional distress to the Plaintiff herein.

## COUNT XII

## MICHIGAN GOVERNMENT TORT LIABILITY-PURSUANT TO THE GOVERNMENT TORT LIABILITY ACT (GTLA)/M.C.L. 691.1407/M.C.L. 691.1413/COMMON LAW

### (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

93. Plaintiff incorporates and restates each of the above paragraphs 1-53 as if fully set forth herein.

94. The Defendant(s) presently at the aforementioned incidents subsequently participated in a common design through a concert of action to intentionally inflict emotional distress on Plaintiff. Outrageous conduct by Defendant(s), (1) Abusing position of power (2) Emotional harassment to Plaintiff known to be especially vulnerable (3) Repeating or continuing conduct that was tolerable when committed once, but became intolerable when committed numerous times and (4) Committed or threatened violence to Plaintiff known to have specific interest. Defendant(s) acts were intended to harass, belittle, confuse, mislead, withhold, injure, oppress, intimidate, with reckless disregard, with the intent of causing actual suffering of severe physical, mental and emotional distress. Actual and proximate causation of the emotional distress by the Defendant(s) actions, has resulted in Plaintiffs current ongoing physical, mental and emotional problems.

## COUNT XIII

## MICHIGAN GOVERNMENT TORT LIABILITY-PURSUANT TO THE GOVERNMENT TORT LIABILITY ACT (GTLA)/M.C.L. 691.1407/M.C.L.

## 691.1413/COMMON LAW

## (NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)

95. Plaintiff incorporates and restates each of the above paragraphs 1-53 as if fully set forth herein.

96. Defendant(s) legal duty was to use reasonable care to avoid causing emotional distress to Plaintiff.  Defendant(s) failed miserably in their duty in proper care of Plaintiff, and unreasonably caused emotional distress to Plaintiff, by intentional infliction of emotional distress, which caused an associated physical injury, that was witnessed from bystanders.

## COUNT XIV

## MICHIGAN COMMON LAW

## (CONVERSION)

97. Plaintiff incorporates and restates each of the above paragraphs 1-53 as if fully set forth herein.

98. Defendant(s) acted intentionally or in reckless disregard of probable consequences in the exercise of dominion or control over Plaintiffs personal property, to wit, as described.

99. In concert, Defendant(s) unjustifiably abused Plaintiff which resulted in his disability.

100. The manner in which Defendant(s) exercised such dominion or control was both inconsistent with, and seriously interfered with, Plaintiff's rights as property to enjoy

and/or control his well-being and personality.

101. As a direct and proximate result of one or more of Defendant(s) and conspirators acts of conversion and the injuries resulting from those acts, Plaintiff lost the intrinsic value of his property (self), and suffered economic and non-economic damages.

## COUNT XV

## MICHIGAN COMMON LAW

### (ASSAULT)

102. Plaintiff incorporates and restates each of the above paragraphs 1-53 as if fully set forth herein.

103. Plaintiff aver that the actions of the Defendant(s), breached a duty of care owed to Plaintiff to not assault him or cause him physical harm or injury, except to the extent allowed by law. (MACOMB County Sheriffs office, )(MACOMB County a municipal corp., ).

104. Plaintiff aver that the Defendant(s) and conspirators, knowingly, wantonly, intentionally, and with gross regard for the rights of the Plaintiff, assaulted him with starvation and by giving him C.O.P.D., and other disabilities. (MACOMB County Sheriffs office) (MACOMB County ).

105. As a direct and proximate result of the acts of the Defendant(s), Plaintiff suffered both physical and mental injuries and is entitled to relief.

## COUNT XVI

## VIOLATION OF 42 U.S.C. SECTION 2000d-7/COMMON LAW

106. Plaintiff incorporates and restates each of the above paragraphs 1-53 as if fully set forth
herein.

107. (a) General provision (1) A State shall not be immune under the Eleventh Amendment
of the Constitution of the United States from suit in Federal Court for a violation of
section 504 of the Rehabilitation Act of 1973 {29 U.S.C. 794}, title IX of the Education
Amendments of 1972 {20 U.S.C. 168} et seq.}, the Age Discrimination Act of 1975
{42 U.S.C. 6101 et seq.}, title VI of the Civil Rights Act of 1964 {42 U.S.C. 2000d et
seq.}, or the provisions of any other Federal Statute prohibiting discrimination by
recipients of Federal financial assistance. (2) in a suit against a State for a violation of a
statute referred to in paragraph (1), remedies (including remedies both at law and in
equity) are available for such a violation to the same extent as such remedies are
available for such a violation in the suit against any public or private entity other than a
State.  (b) The provisions of subsection (a) of this section shall take effect with respect
to violations that occur in whole or in part after October 21, 1986.

108. Defendant(s), not immune to suit. *(STATE OF MICHIGAN)* Plaintiff disabled physically and mentally while under state of Michigan / Macomb County, a municipal Corp. (Defendants) control 8-1-2010. While receiving MENTAL Health CARE SERVICES,

**COUNT XVII**

## VIOLATION OF ELLIOTT-LARSEN CIVIL RIGHTS ACT-ACT 453 OF 1976/COMMON LAW

109. Plaintiff incorporates and restates each of the above paragraphs 1-53 as if fully set forth
herein.

110. Plaintiff has faith in a higher power and he was denied the full and equal enjoyment of
the services by Defendant(s) based on religion, within in meaning of the ELCRA, not

limited to (M.C.L. 37.2301 sec 301 (a) (b)).

111. Defendant(s), "A place of public accommodation" , "A public service" violated the

ELCRA by printing, posting, denying right, privilege because of religion, within the

meaning of (M.C.L. 37.2302 Sec 302 (a) (b)). *(Macomb County, a municipal corp)* *(Macomb County Sheriffs Office)* *(Macomb County Circuit Court)*

112. Plaintiffs, *religion,* was a determining factor to Defendant(s) decision to deny and

preclude Plaintiff for participating in the program. *(Macomb County Sheriffs Office)* *(Macomb County, a municipal corp)*

113. As a direct and proximate result of Defendant(s) unlawful discrimination, Plaintiff has

sustained injuries and damages. *(Macomb County Sheriffs Office)* *(Macomb County, a municipal Corp)* *(Macomb County Circuit Court)*

**COUNT XVIII**

**VIOLATION OF RIGHTS OF RECIPIENTS OF SUBSTANCE ABUSE SERVICES-1978 PUBLIC ACT 368 AND PROMULGATED RULES/COMMON LAW**

114. Plaintiff incorporates and restates each of the above paragraphs 1-53 as if fully set forth

herein.

115. Plaintiff had substance abuse issues and was denied appropriate service on the basis of

religion, mental or physical handicap by Defendant(s), within the meaning of Recipient

rights generally (1). *① Macomb County, a municipal corp, Macomb County Jail)* *Macomb County, a municipal corp, Macomb County Sheriffs Office*

116. Plaintiff was admitted to Defendant(s) treatment program and was deprived of rights,

privileges, or benefits which are guaranteed to individuals by state and federal law or by

the state or federal constitutions, within the meaning of Recipient rights generally (2).

117. Plaintiff was physically and mentally abused, and neglected by Defendant(s), within the

meaning of Recipient rights generally (5). *① State of Michigan* *② Macomb County, a municipal Corp* *③ Macomb County Sheriffs Office*

118. Plaintiff was denied right to information concerning any experimental or research

procedure proposed as part of his or her treatment or prevention services and had the right to refuse to participate in the experiment or research without jeopardizing his continuing services, by Defendant(s). A program shall comply with state and federal rules and regulations concerning research which involves human subjects, within the meaning of Recipient rights generally (8).

119. Plaintiff was denied participation and development of his treatment plan, by Defendant(s), within the meaning of Treatment programs; specific rights; (1).

120. Plaintiff was denied the right to refuse treatment by Defendant(s), and to be informed of the consequences of that refusal, within the meaning of Treatment programs, specific rights (2).

121. Plaintiff was denied right to give prior informed consent, consistent with federally confidentiality regulations, for the use and future disposition or products of special observation and audiovisual techniques, such as 1-way vision mirrors, tape recorders, television, movies or photographs, within the meaning of Treatment programs; specific rights (3).

122. Plaintiff was denied right from physical and chemical restraints, except those authorized in writing by a physician for a specified and limited time, within the meaning of inpatient and residential programs; specific rights (5).

123. Plaintiffs, *Substance abuse issues, mental or physical handicap, and religion,* was a determining factor in Defendant(s) decision to deny and preclude Plaintiff from receiving appropriate service.

① STATE OF Michgan , Macomb County, a municipal corp) Macomb County Sherriffs office
① Macomb County Circuit Court
Macomb County Prosecutor Eric J Smith
Macomb County Probation
Michigan Dept. of Corrections

124. As a direct and proximate result of Defendant(s) unlawful discrimination, Plaintiff has sustained injuries and damages.

# PRAYER OF RELIEF

WHEREFORE, Plaintiff requests that this Court enter judgment against Defendant(s) providing the following relief:

a. Compensatory/money damages in whatever amount in excess of $75,000, exclusive of all costs and interest, that Plaintiff is found to be entitled;

b. Punitive/exemplary damages against Defendants in whatever amount, exclusive of costs and interest, that Plaintiff is found to be entitled;

c. An order placing Plaintiff in the position that he would have been in had there been no discrimination and violation of his rights in the form of overturning his felony conviction;

d. An injunction enjoining/restraining Defendant(s) from further acts of discrimination or retaliation, pursuant to FRCP 65;

e. An award of proceedings in vindication of civil rights under 42 U.S.C. section 1988 and reasonable expenses incurred in this litigation, including reasonable attorney and expert fees, pursuant to 42 U.S.C. section 1988 (b) and (c);

f. Any and all other remedies provided pursuant to The ADA, The Rehabilitation Act, and PDCRA/Common law, Title 42 U.S.C. section 1983/Common law, Title 42 U.S.C. section 1985/Common law, Title 42 U.S.C. section 1986/Common law, Title 42 U.S.C. section 2000d-7/Common law, Associational Rights Under the United States Constitution,{42 U.S.C. section 1983},{42 U.S.C. section 1985} {42 U.S.C. section 1986} {42 U.S.C. section 2000d-7}, and the Michigan Constitution/

Common law, Violation of Plaintiff's Due Process Rights and Rights of Equal Access to Justice/Common law, Michigan Government Tort Liability-Pursuant to the Government Tort Liability Act (GTLA)/M.C.L. 691.1407/M.C.L. 691.1413/Common Law (Negligence), Michigan Government Tort Liability-Pursuant to the Government Tort Liability Act (GTLA)/M.C.L. 691.1407/M.C.L. 691.1413/Common Law (Negligent Supervision), Michigan Government Tort Liability-Pursuant to the Government Tort Liability Act (GTLA)/M.C.L. 691.1407/M.C.L. 691.1413 Common Law (Conspiracy), Michigan Government Tort Liability-Pursuant to the Government Tort Liability Act (GTLA)/M.C..L 691.1407/M.C.L. 691.1413/Common Law (Intentional Infliction of Emotional Distress), Michigan Government Tort Liability-Pursuant to the Government Tort Liability Act (GTLA)/M.C.L. 691.1407/M.C.L. 691.1413/Common Law (Negligent Infliction of Emotional Distress), Michigan Common Law (Conversion), Michigan Common Law (Assault), Elliott-Larsen Civil Rights Act-Act 453 of 1976/Common law/Rights of Recipients Substance Abuse Services-1978 Public Act 368 and Promulgated Rules/Common law;

g. Take other appropriate nondiscriminatory measures to overcome the above described discrimination;

h. Review Constitutionality of judgments, especially on November 9th, 2010, December 9th, 2010 and all other judgments in Macomb County Circuit Court regarding Plaintiff's case number 10-3072-FH, based on discrimination and onset of disability(s) while under Defendant(s) control, that may have broken due process of law;

i. Such other and further relief as the Court deems appropriate;

j. Plaintiff demands a jury trial;

k. That process issue to the Defendant(s) and that they be required to answer in the time allowed by law;

l. Retroactive monetary relief against Defendant(s) , in individual capacity.

m. Provisional remedy attachment(s), pursuant to FRCP 64, and whichever statues this court sees fit.

n. Please reference case 2:12-cv-15416-SJM-MKM filed on 12-10-2012 for pertinent documents filed on different dates to support this case. Also Plaintiff has filed other cases in this court that may be helpful in decision making.  Plaintiff is pro-se and feels by filing cases he is learning the Federal Civil Process to eventually receive some justice that has been long overdue.  Plaintiff is trying to solve an "intrinsic equation" relating to Federal Court Rules and procedures, despite his disabilities, and having a poor history regarding "math" classes. Although Plaintiff has been anxious and depressed regarding his cases in this court, the negative and hurtful experiences in another justice system has been a factor, confronting discouragement.  A sliver of hope remains alive and well today for a positive outcome.

By: *Thom M. Moore* 4-22-2013

Thomas M. Moore-Pro-Se

11861 Jean Ann

Washington Twp., MI 48094

586-781-5186 home & 586-915-2404 cell

E-mail:tm00096@yahoo.com

# CIVIL COVER SHEET

County in which action arose MACOMB

..s 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as ..ovided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**

THOMAS M. MOORE
PRO-SE

**(b)** County of Residence of First Listed Plaintiff  MACOMB
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

**DEFENDANTS**

STATE OF MICHIGAN
et al;

County of Residence of First Listed Defendant  MACOMB
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF

Case:2:13-cv-11789
Judge: Hood, Denise Page
MJ: Michelson, Laurie J.
Filed: 04-22-2013 At 11:09 AM
CMP THOMAS M. MOORE V STATE OF MICH
IGAN, ET AL (LG)

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
Plaintiff

☒ 3  Federal Question
*(U.S. Government Not a Party)*

☐ 2  U.S. Government
Defendant

☐ 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

**III. C**  *(For Diversity Cases Only)*  *or Plaintiff and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | | | |
| ☐ 290 All Other Real Property | ☒ 446 Amer. w/Disabilities - Other | **Other:** | **IMMIGRATION** | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
SECTION 504 OF THE REHABILITATION ACT OF 1973 As amended (29 USC 794)

Brief description of cause: Disability Discrimination Equalization)

**VII. REQUESTED IN COMPLAINT:**

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

**VIII. RELATED CASE(S) IF ANY**  *(See instructions:)*   JUDGE _____   DOCKET NUMBER _____

DATE  4-22-2013

SIGNATURE OF ATTORNEY OF RECORD  Thomas M. Moore

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## ,SUANT TO LOCAL RULE 83.11

1.      Is this a case that has been previously dismissed?          ☐ Yes
                                                                    ☒ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____


2.      Other than stated above, are there any pending or previously
        discontinued or dismissed companion cases in this or any other      ☐ Yes
        court, including state court? (Companion cases are matters in which  ☒ No
        it appears substantially similar evidence will be offered or the same
        or related parties are present and the cases arise out of the same
        transaction or occurrence.)

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____


Notes :