**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

THOMAS M. MOORE,

    Plaintiff,

                                          Case No. 13-11789

v.

                                          HON. DENISE PAGE HOOD

STATE OF MICHIGAN, et al.,

    Defendants.

_____/

**ORDER REGARDING VARIOUS MOTIONS TO DISMISS,
ORDER DISMISSING ACTION,
and
ORDER FINDING ANY APPEAL FRIVOLOUS**

**I.    BACKGROUND**

On April 22, 2013, Plaintiff Thomas M. Moore, proceeding *pro se,* filed an 18-count Complaint against several defendants: State of Michigan, County of Macomb, Macomb County Circuit Court, Macomb County Sheriff's Office, Macomb County Prosecutor Eric J. Smith, Macomb County Probation, City of Mt. Clemens and the Michigan Department of Corrections. Moore alleges several claims, including violations under: 42 U.S.C. § 1983, Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 and various Michigan state law.

Based on a liberal reading of the Complaint, it appears that Moore's claim arose

out of a July 2010 arrest by the Warren Police Department. Moore was charged with a crime by the Macomb County Prosecutor Eric J. Smith. On July 12, 2010, Moore was moved to the City of Mt. Clemens and entered into the "programs" by Macomb County Circuit Court, the Macomb County Sheriff's Office until December 9, 2010. (Comp., ¶ 20) Moore was then charged with a probation violation on June 15, 2012. (Comp., ¶ 21) Moore asserts that, while in jail, he issued several "kites" regarding his asthma and chronic obstructive pulmonary disorder ("COPD"), claiming that he was not being accommodated. He attempted to file complaints regarding his disability with various entities, including the defendants in this case and the White House and Department of Justice. Moore filed the instant suit so that someone else could listen to his complaints.

This matter is now before the Court on the various Defendants' Motions to Dismiss or for Summary Judgment. Moore has filed documents, including a "Judicial Notice," and various supplemental and letter filings. The Court has held various hearings in this matter.

**II.    ANALYSIS**

    **A.    Standard of Review**

Rule 12(b)(6) of the Rules of Civil Procedure provides for a motion to dismiss based on failure to state a claim upon which relief can be granted. Fed. R. Civ. P.

12(b)(6). In *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), the Supreme Court explained that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.] Factual allegations must be enough to raise a right to relief above the speculative level...." *Id.* at 555 (internal citations omitted). Although not outright overruling the "notice pleading" requirement under Rule 8(a)(2) entirely, *Twombly* concluded that the "no set of facts" standard "is best forgotten as an incomplete negative gloss on an accepted pleading standard." *Id.* at 563. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557. Such allegations are not to be discounted because they are "unrealistic or nonsensical," but rather because they do nothing more than state a legal conclusion–even if that conclusion is cast in the form of a factual

allegation. *Ashcroft v. Iqbal,* 556 U.S. 662, 681 (2009). In sum, for a complaint to survive a motion to dismiss, the non-conclusory "factual content" and the reasonable inferences from that content, must be "plausibly suggestive" of a claim entitling a plaintiff to relief. *Id.* Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not shown that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). The court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account. *Amini v. Oberlin College,* 259 F.3d 493, 502 (6th Cir. 2001).

Rule 56(a) of the Rules of Civil Procedures provides that the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The presence of factual disputes will preclude granting of summary judgment only if the disputes are genuine and concern material facts. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* Although the Court must view the motion in the light most favorable to the nonmoving party, where "the moving party has carried its

burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Summary judgment must be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Celotex Corp.*, 477 U.S. at 322-23. A court must look to the substantive law to identify which facts are material. *Anderson*, 477 U.S. at 248.

Federal courts hold the *pro se* complaint to a "less stringent standard" than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519 (1972). A *pro se* litigant "must conduct enough investigation to draft pleadings that meet the requirements of the federal rules." *Burnett v. Grattan,* 468 U.S. 42, 50 (1984).

    **B.**    **Michigan Defendants' Motion to Dismiss**

        **1.**    **Eleventh Amendment**

The Michigan Defendants, including the State of Michigan, the MDOC and the Probation Department, move to dismiss the federal claims under 42 U.S.C. §§ 1983,

1985 and 1986 under the Eleventh Amendment of the United States Constitution which provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

The Eleventh Amendment prohibits private citizens from bringing suit against a state or state agency in federal court. *Alabama v. Pugh,* 438 U.S. 781 (1978). There are two exceptions to this rule. First, a state may waive its immunity and agree to be sued in federal court. *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100 (1984). Second, a state may be sued in federal court where Congress specifically abrogates the state's immunity pursuant to a valid grant of Constitutional power. *See Alden v. Maine*, 527 U.S. 706 (1999); *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44 (1996). The Eleventh Amendment immunity has been interpreted to act as a constitutional bar to suits against the state in federal court unless immunity is specifically overridden by an act of Congress or unless the state has consented to suit. *Thiokol Corp. v. Dep't of Treasury, State of Michigan*, 987 F.2d 376, 381 (6th Cir. 1983).

Moore filed a response to the Michigan Defendants' Motion to Dismiss at the original hearing date of October 9, 2013, entitled a "Motion to Dismiss Defendants'

Motion to Dismiss." The Court allowed the Michigan Defendants time to file a reply to Moore's submission and adjourned the matter for further oral arguments. A review of the Complaint and Moore's submission shows that Moore is unable to overcome the Eleventh Amendment immunity argued by the Michigan Defendants. The Michigan Defendants have not agreed to be sued under any of the claims alleged by Moore. It also does not appear on the Complaint that Moore seeks any prospective injunctive or declaratory relief as to the Michigan Defendants. The federal claims under 42 U.S.C. §§ 1983, 1985 and 1986 must be dismissed against the Michigan Defendants.

### 2. ADA and Rehabilitation Claims

The Michigan Defendants further assert that the claims under the ADA, 42 U.S.C. § 12131 *et seq.* and § 504 of the Rehabilitation Act should be dismissed for failure to state a claim upon which relief may be granted because there are no facts alleged relating to these claims as to the Michigan Defendants.

In Count II, the ADA claim, the Court's review reveals that there are no facts alleged against the Michigan Defendants. The ADA claim against the Michigan Defendants is dismissed.

In Count III, the Rehabilitation Act claim, although the State of Michigan is handwritten in the typed Complaint, there are no sufficient factual allegations alleged

against the State. A claim under the Rehabilitation Act requires a plaintiff allege: 1) the plaintiff is a "handicapped person" under the Act; 2) the plaintiff is "otherwise qualified" for participation in the program; 3) the plaintiff is being excluded from participation in, or denied benefits, or subjected to discrimination under the program solely by reason of his handicap; and, 4) the relevant program or activity is receiving Federal financial assistance. *G.C. v. Owensboro Public Schools,* 711 F.3d 623, 635 (6th Cir. 2013).

A review of the Complaint shows that Moore's allegations under Count III are conclusory and fail to allege facts to state a claim under the Rehabilitation Act as to the Michigan Defendants. Count III must also be dismissed as to the Michigan Defendants.

### 3. State Law Claims

The Michigan Defendants assert that the remaining state law claims should be dismissed without prejudice should the Court dismiss the federal law claims. The Michigan Defendants claim that the state law claims are based on diversity jurisdiction and there would be no complete diversity jurisdiction between Moore and the Michigan Defendants.

When a federal court dismisses a plaintiff's federal law claim, it should then ordinarily dismiss the plaintiff's state law claims without reaching the merits. *Moon*

*v. Harrison Piping Supply,* 465 F.3d 719, 728 (6th Cir. 2006). Because the Court dismissed the federal claims, the Court will not reach the merits of the state law claims and will dismiss, without prejudice, the state law claims against the Michigan Defendants.

### C. The Macomb Defendants' Motion to Dismiss

#### 1. Deficient Pleading

The Macomb Defendants, including Macomb County, the Macomb County Circuit Court, the Macomb County Sheriff's Office and the Macomb County Prosecutor, seek to dismiss the claims against them for failure to state a claim upon which relief may be granted. The Macomb Defendants also claim they are entitled to immunity under federal and state law. Moore did not specifically file a response to this motion, but has filed various documents with the Court as noted above.

The Macomb Defendants argue that Plaintiff alleges they violated an extensive list of constitutional and statutory rights and protections under both federal and state law. They claim that Plaintiff offers only a litany of conclusory assertions reflecting his unsubstantiated belief that he was the victim of a host of discriminatory and abusive acts. The Macomb Defendants argue that Plaintiff's assertions are not tethered to any manner of particularized facts showing who violated what under which Amendment or statute, when and where such violations occurred, or the manner in

9

which the violation was accomplished. They claim that the Complaint fails to provide them with notice as to the nature of the claims against them. The Macomb Defendants assert that the Complaint is "bizarre" and "indecipherable."

This Court's review of the Complaint reveals that Plaintiff lists a litany of laws, statutes, events and allegations against various Defendants. The Court finds that the allegations in the Complaint fail to satisfy the requirement under Rule 8(a)(2) of the Rules of Civil Procedure that a plaintiff must allege well-pleaded facts in order to show that the plaintiff is entitled to relief.

### 2.     42 U.S.C. § 1983 Claims against Macomb County

Macomb County argues that the § 1983, claims against it must be dismissed because Plaintiff has failed to allege a causal link between a municipal policy or custom to the alleged violations.

In order for a municipality to be liable under § 1983 there must be some evidence that "execution of [the] government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978). "[A] municipality cannot be held liable solely because it employs a tortfeasor-or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." *Id.* at 691. Generally, the doctrine of *respondeat*

10

*superior* has no application in a § 1983 claim absent an allegation that the defendants were following the government's policies or customs. *Dunn v. Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982). Rather, "the touchstone of the § 1983 action against a government body is an allegation that official policy is responsible for a deprivation of rights protected by the Constitution." *Monell,* 436 U.S. at 690.

The Supreme Court noted that "municipal liability may be imposed for a single decision by municipal policymakers under appropriate circumstances." *Pembaur v. City of Cincinnati,* 475 U.S. 469, 480 (1986). However, "an 'official policy' is one adopted by someone with 'final authority to establish municipal policy *with respect to the action ordered.*' " *Hull v. Cuyahoga Valley Joint Vocational Sch. Dist. Bd. of Educ.,* 926 F.2d 505, 515 (6th Cir.1991) (quoting *Pembaur,* 475 U.S. at 481) (emphasis added). In other words, "[l]iability for unauthorized acts is personal; to hold the municipality liable, *Monell* tells us, the agent's action must implement rather than frustrate the government's policy." *Id.* A municipal employee is not a "final policymaker" unless his decisions "are final and unreviewable and are not constrained by the official policies of superior officials." *Feliciano v. City of Cleveland,* 988 F.2d 649, 655 (6th Cir.1993).

A review of Plaintiff's Complaint shows that he has failed to allege or identify any policy or custom by Macomb County which resulted in a violation of Plaintiff's

federal constitutional rights. The § 1983 claims against Macomb County must be dismissed.

### 3. State Law Claims Against Macomb County

Macomb County argues it enjoys immunity from state tort liability under MCL § 691.1401 *et seq.* which provides that all governmental agencies shall be immune from tort liability in all cases wherein the governmental agency is engaged in the exercise or discharge of a governmental function. MCL § 691.1407(1). A government agency includes the state or a political subdivision. MCL § 691.1401(a). Macomb County is a political subdivision of the State of Michigan and was engaged in a governmental function when it operated the County jail where Plaintiff was housed at one time. MCL § 45.16.

The Court finds that Macomb County is entitled to immunity under MCL § 691.1407(1) and any state law tort claims against it must be dismissed. Plaintiff's claims in his Complaint fail to overcome Macomb County's governmental immunity from any state law tort claims.

### 4. Macomb County Sheriff's Office

The Macomb County Sheriff's Office asserts it is not entitled to be sued. A municipal police or sheriff's department is not a legal entity capable of being sued. *Matthews v. Jones*, 35 F.3d 1046 (6th Cir. 1994); *Haverstick Enterprises, Inc. v.*

*Financial Federal Credit, Inc.,* 32 F.3d 989 (6th Cir. 1994). The Macomb County Sheriff's Office must be dismissed as to Plaintiff's § 1983 claims.

### 5. Macomb County Circuit Court

The Macomb County Circuit Court claims it is entitled to Eleventh Amendment immunity. Michigan Circuit Courts are instrumentalities of the State. *See,* Michigan Constitution, 1963, Art. VI, §§ 1, 11, 13. The Court finds the Macomb County Circuit Court is entitled to Eleventh Amendment immunity. The judges of the Macomb County Circuit Court are also immune from suit by the doctrine of judicial immunity. *Mireless v. Waco,* 502 U.S. 9, 9-10 (1991). The Macomb County Circuit Court must be dismissed.

### 6. Macomb County Prosecutor Eric Smith

A prosecutor is entitled to absolute immunity for a prosecutor's conduct in initiating a prosecution and in presenting the case before the courts. *Lanier v. Bryant,* 332 F.3d 999, 1005 (6th Cir. 2003); *Buckley v. Fitzsimmons,* 509 U.S. 259, 272-73 (1993); *Imbler v. Pachtman,* 402 U.S. 409 (1976). The § 1983 claims against the Macomb County Prosecutor must be dismissed.

As to any state law claims, the Macomb County Prosecutor is shielded from liability under Michigan's governmental immunity statute accorded to the highest elected and appointed executive officials of a governmental agency, MCL §

691.1407(5). The state law claims against the Macomb County Prosecutor must be dismissed.

### D. City of Mount Clemens

The City of Mount Clemens filed a "Motion for Summary Judgment Pursuant to FRCP 12(b)(6)." Motions for summary judgment are governed by Rule 56 of the Rules of Civil Procedure and the standard is dismissal if there are no genuine issues of material fact presented by the opposing party. Fed. R. Civ. P. 56(a). Rule 12(b)(6) of the Rules of Civil Procedure provides for dismissal for failure to state a claim upon which relief may be granted and only the pleadings, here the Complaint, may be considered. Fed. R. Civ. P. 12(b)(6). The Court considers the City of Mount Clemens' motion as a Motion to Dismiss under Rule 12(b)(6) in light of its argument that Plaintiff's Complaint fails to state a claim upon which relief may be granted.

The City of Mount Clemens asserts that it is only mentioned in paragraphs 10 and 20 of Plaintiff's Complaint. While it is true that the Macomb County Circuit Court and the Macomb County Jail are both located within the City of Mount Clemens, the City argues it had no involvement in the criminal prosecution of Plaintiff or any subsequent punishment resulting from the criminal prosecution.

The Court's review of the Complaint shows that Plaintiff failed to state a claim upon which relief may be granted as required by Rules 12(b)(6) and 8(a). There are

no factual allegations against the City of Mount Clemens that support any violation of any federal or state law. As noted above, Plaintiff merely lists a litany of laws, statutes, events and allegations against various Defendants. Plaintiff's rambling statements fail to satisfy the requirement under Rule 8(a)(2) of the Rules of Civil Procedure that a plaintiff must allege well-pleaded facts in order to show that the plaintiff is entitled to relief. The claims against the City of Mount Clemens must be dismissed.

### III. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that the Motion to Dismiss filed by Defendants County of Macomb County, Macomb County Circuit Court, Macomb County Sheriff's Office and Macomb County Prosecutor Eric J. Smith **(Doc. No. 11)** is GRANTED.

IT IS FURTHER ORDERED that the City of Mount Clemens' Motion for Summary Judgment **(Doc. No. 14)**, considered by the Court as a Motion to Dismiss, is GRANTED.

IT IS FURTHER ORDERED that the Motion to Dismiss filed by the State of Michigan, the Michigan Department of Corrections and Macomb County Probation **(Doc. No. 24)** is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Motion to Dismiss **(Doc. No. 28)**,

which is Plaintiff's Opposition to the Motion to Dismiss filed by the Michigan Defendants, is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Application to Proceed Without Prepaying Fees or Costs **(Doc. No. 23)** is deemed MOOT, the Court having already granted Plaintiff's Application to Proceed *In Forma Pauperis*. (See Doc. No. 6)

IT IS FURTHER ORDERED that the Complaint is **DISMISSED** with prejudice.

IT IS FURTHER ORDERED that the claims in the Complaint are deemed frivolous under 28 U.S.C. § 1915(e)(2)(B). An Appeal of this Order would be frivolous and would not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962),*McGore v. Wrigglesworth,* 114 F.3d 601, 610-11 (6th Cir. 1997).

s/Denise Page Hood  
Denise Page Hood  
UNITED STATES DISTRICT JUDGE

Dated: March 27, 2014

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, March 27, 2014, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry  
Case Manager, (313) 234-5165